John W. Kluksdal [ISB No. 5641]
Kira Dale Pfisterer [ISB No. 6571]
HEPWORTH, JANIS & KLUKSDAL
537 W. Bannock Street, Ste. 200
P.O. Box 2582
Boise, ID 83701-2582
Telephone No. (208) 343-7510
Fax No. (208) 342-2927

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

\* \* \* \* \*

| | |
|---|---|
| VINCENT GIUDICE, as guardian ad litem for T.G., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>DR. LARRY CURTIS, REBEKAH BIRD, PAC, and COMMUNITY CARE RIGBY, LLC,<br><br>Defendants. | Case No. 4:13-cv-130<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

\* \* \* \* \*

COMES NOW, the Plaintiff in the above-entitled action, by and through his attorneys of record, Hepworth, Janis & Kluksdal, and for causes of action against the above-named Defendants, hereby states and alleges as follows:

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

## PARTIES

### I.

Vincent Giudice is the natural father of T.G. Both are residents of the State of North Dakota.

### II.

Defendant Larry Curtis, M.D., is a physician licensed to practice medicine in the State of Idaho, who at all times relevant herein practiced medicine in Jefferson County, Idaho. Upon information and belief, Dr. Curtis is a resident of Teton County, Idaho.

### III.

Defendant Rebekah Bird, PAC, is a Certified Physician's Assistant, who at all times relevant herein practiced her profession in Jefferson County, Idaho. Upon information and belief, Ms. Bird is a resident of Bonneville County.

### IV.

Defendant Community Care Rigby, LLC, doing business as Community Care Urgent Care & Family Practice, is a Delaware limited liability company that owns and operates a medical clinic located in the City of Rigby, Jefferson County, Idaho. Upon information and belief, none of the members of the LLC is a resident of the State of North Dakota.

## JURISDICTION AND VENUE

### V.

The United States District Court for the District of Idaho had jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and the parties are citizens of different states.

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

## VI.

Venue is appropriate in the Eastern Division of the District of Idaho pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Eastern Division, specifically the City of Rigby, Jefferson County, Idaho. Venue is also appropriate in the Eastern Division of the District of Idaho pursuant to 28 U.S.C. 1391(b)(3), because each and all of the Defendants conduct business in the Eastern Division of the District of Idaho. Defendants commercial activities in the Eastern Division include, but are not limited to, the operation of a medical clinic and the provision of medical services.

## FACTUAL ALLEGATIONS

## VII.

T.G. was born on February 1, 2005, and in September 2008 he was three years old. On September 19, 2008, T.G.'s mother took him to the Community Care Family Practice and Urgent Care Center in Rigby because he had congestion, was coughing, and there was yellow matting in his right eye. He was seen by physician's assistant Rebekah Bird, who diagnosed him with conjunctivitis in his right eye, an upper respiratory infection ("URI"), and reactive airway disease ("RAD"). Ms. Bird prescribed Amoxicillin, Albuteral syrup, and Vigamox.

## VIII.

T.G. returned to Ms. Bird on September 25, 2008, and his mother reported that his eye was not "getting better." Ms. Bird diagnosed T.G. with right eye allergic conjunctivitis and wrote in her clinical note that the doctor's orders were: "(1) Tobradex - - as per Dr. Curtis". Presumably, this means that Ms. Bird had conferred with Dr. Curtis and he approved the Tobradex prescription. This was a breach of the standard of care. A steroid should not be prescribed under

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

these circumstances, particularly when occular herpes has not been ruled out.

### IX.

T. G. returned to the Community Care Clinic on October 27, 2008, and again saw Ms. Bird. Ms. Bird indicated in her clinical note that T.G.'s right eye was "still irritated and appears cloudy". Ms. Bird noted that three quarters (3/4) of T.G.'s right pupil was "cloudy." Ms. Bird referred T.G. to Dr. Josh Fullmer, an ophthalmologist in Rexburg, Idaho.

### X.

T.G. saw Dr. Fullmer on October 27, the same day. Dr. Fullmer indicated that T.G. was being seen for a cloudy cornea, and Dr. Fullmer tested T.G.'s visual acuity and determined it was 20/80. Dr. Fullmer diagnosed T.G. with herpatic stromal keratitis or occular herpes, and attempted to treat the virus with viroptic eye drops, which is an anti-viral medication.

### XI.

The Defendants, and each of them, were negligent in their medical treatment of the plaintiff T.G., and failed to provide health care consistent with the local standard of care required of such medical practitioners at the time and place in question, by failing to provide an appropriate diagnosis, prescribing inappropriate medication, and otherwise taking improper and unreasonable steps to address the plaintiff's medical condition, all of which, in combination, were the direct and proximate cause of the plaintiff T.G.'s damaged vision, which was otherwise preventable by appropriate medical care for medical practitioners placed in the same or similar circumstances as those presented to the defendants on or about September 25, 2008. Defendants breached the standard of care.

## XII.

As a direct and proximate result of the medical negligence of the defendants, the plaintiff T.G. has suffered serious medical injury, incapacity and damages, including damages in the form of past and future medical expenses, pain and suffering, and loss of ability to engage in usual and customary recreational activities. T.G. has a permanent scar on his eye that makes his vision an uncorrectable 80/20.

### ATTORNEYS FEES

As a further direct and proximate result of the wrongful conduct of the defendants, as referenced above, the plaintiff has been required to retain counsel for purposes of prosecuting this action, and are entitled to recover all reasonable costs and attorneys fees pursuant to the Federal Rules of Civil Procedure and Idaho law.

### DEMAND FOR JURY TRIAL

The plaintiff hereby demands a trial by jury on all issues.

### PRAYER

WHEREFORE, The plaintiff respectfully prays for judgment against each of the above-named defendants as follows:

1. For all economic and non-economic damages sustained by the plaintiff as a direct and proximate result of the negligence and otherwise wrongful conduct by the defendants, all amounts which will be proven at the time and place of trial of this action;

2. For all costs and attorneys fees incurred by the plaintiff; and

3. For such and further relief as the Court deems just and equitable.

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

DATED this 19 day of March, 2013.

HEPWORTH, JANIS & KLUKSDAL

By _____
John W. Kluksdal
Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL - 6